UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEN ROBB, ET AL                                              CIVIL ACTION

VERSUS                                                       NO. 07-5744

ALLSTATE INSURANCE COMPANY,              SECTION "C" (2)
ET AL

ORDER AND REASONS

This matter comes before the Court the issue of its subject matter jurisdiction, a motion to remand filed by the plaintiffs and a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Bruce Cuccia Insurance Agency, Inc. ("Cuccia").  Having reviewed the record, the memoranda of counsel and the applicable law, the Court finds that remand is inappropriate and dismissal of the non-diverse agent is appropriate for the following reasons.

The plaintiffs' claims concern unpaid claims for hurricane damage under a homeowner's policy issued by the defendant Allstate Insurance Agency on the plaintiffs' property in St. Bernard Parish.  The plaintiffs claim that Cuccia, an Allstate agent, failed to advise them and/or concealed the existence of a "concurrent causation clause" in the policy.  (Petition, ¶ ¶ 14.-15.).

This matter was removed by Allstate on the basis of diversity jurisdiction.[1] Allstate

---

[1] The Court is satisfied that the jurisdictional minimum was in dispute at the time of removal.

argues that Cuccia was fraudulently joined in order to defeat removal.  "The burden of persuasion placed upon those who cry `fraudulent (improper) joinder' is indeed a heavy one." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981).  The removing party must demonstrate that there is no possibility that the plaintiffs would be able to establish a cause of action against the non-diverse defendants in state court.  Ford v. Elsbury, 32 F.3d 931, 935 (5th Cir. 1994).  This "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.." Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 572 (5th Cir. 2004)(en banc).  See also Melder v. Allstate Corp, 404 F.3d 328,330 (5th Cir. 2005)(""[A]t issue is whether Defendants have established there is no reasonable basis Plaintiffs might be able to recover under Louisiana state law against the non-diverse defendant ..."   A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder. Smallwood, 385 F.3d at 572.

The Court's "prediction" can be resolved in two ways: (1) by undertaking a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim against the in-state defendant or (2) where a claim has been stated but misstated or omitted discrete facts determinative of the propriety of joinder,  minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery

against the in-state defendant." Id.  "[T]he inability of the to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Id.

Although the plaintiffs cast their motion and argument with relation to the issue of the existence of a cause of action against the agent, Allstate and Cuccia focus on the timeliness of any claim against Cuccia.  The defendants argue that the claims against Cuccia have prescribed or are preempted under La. Rev. Stat..§ 9:5606.[2]  The plaintiffs argue in response that the Louisiana Legislature extension of the filing deadline for claims against insurers served to extend the Section 5606 deadlines against agents, who are an "integral" part of an insurance company such as Allstate.[3]

The parties do not dispute that the plaintiffs filed suit in state court on August 24,

---

[2] Section 5606 provides in relevant part:
A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged action, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

[3] The resulting statute, La. Rev. Stat. 22:658.3, provides in relevant part:
A. Notwithstanding any other provision of this Title to the contrary, the person or entity having a claim for damages pursuant to a homeowner's insurance policy ...  and resulting from Hurricane Katrina shall have through September 1, 2007, within which to file a claim with their insurer or damages, unless a greater time period to file claims is otherwise provided by law or contract.

2007, more than one year after Allstate denied their claim. Whatever claims the plaintiffs may have against Allstate remained viable until September 1, 2007, but this Court is unwilling and unable to be the first to apply the extension afforded in Section 658.3 beyond claims against insurers to claims against agents, or to construe Section 658.3 as an amendment to Section 5606.

Accordingly,

IT IS ORDERED that the motion to remand filed by the plaintiffs is DENIED and the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Bruce Cuccia Insurance Agency, Inc. is GRANTED. (Rec. Docs. 4 & 6).

New Orleans, Louisiana, this 5th day of December, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE